## DE RAISMES v. UNITED STATES LITHOGRAPH CO. et al.

(Supreme Court, Appellate Division, First Department.  March 13, 1914.)

1. CORPORATIONS (§ 640*)—FOREIGN CORPORATIONS—LIABILITY OF DIRECTORS—ACTION BY CORPORATION.

The General Corporation Law of New Jersey (Act April 21, 1896 [P. L. p. 286]) § 30, as amended by Act March 28, 1904 (P. L. p. 275), provides that the directors of a corporation shall not make dividends except from its net profits, and that, in case of violation of the section, the directors, under whose administration the same happened, shall be liable to the stockholders to the full amount of any loss sustained by such stockholders, or, in case of insolvency, to the corporation. New York Stock Corporation Law (Consol. Laws, c. 59) § 28, provides that the directors of a stock corporation shall not make dividends except from surplus profits, and upon violation of the section the directors, under whose administration the same happened, shall be liable "to such corporation and the creditors thereof." Section 70 provides that, except as otherwise provided in the chapter, the directors and stockholders of a foreign corporation shall be liable under the chapter to the same extent as the directors of a domestic corporation for the making of any unauthorized dividends, and such liabilities may be enforced in the same manner as similar liabilities imposed by law on directors of domestic corporations. Held that, since an action could not be maintained in New Jersey to recover a judgment in the name of the corporation against directors for dividends unlawfully declared, an action cannot be maintained in New York by a stockholder of a New Jersey corporation to recover a judgment in the corporate name for the amount of unauthorized dividends declared by the directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2532, 2533; Dec. Dig. § 640.*]

2. CORPORATIONS (§ 640*)—FOREIGN CORPORATIONS.

The internal management of a foreign corporation should be left entirely to the state of its origin.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2532, 2533; Dec. Dig. § 640.*]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County

Action by Francis J. J. De Raismes, for himself and other stockholders of the United States Lithograph Company, against the United States Lithograph Company and others, impleaded with another. From an order granting a motion for judgment on the pleadings, the defendant named and others appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Henry L. Stimson, of New York City, for appellants United States Lithograph Co. and others.

William Travers Jerome, of New York City, for appellant Ryan.

Harrison Clark, Jr., of New York City, for respondent.

McLAUGHLIN, J.   Action by a stockholder of the United States Lithograph Company, a New Jersey corporation, on behalf of himself and other stockholders similarly situated, to recover, in the name of the corporation, damages for the payment of unauthorized dividends. All of the defendants except Sweasey and Ryan demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and that the court did not have jurisdiction of the subject-matter.   Ryan demurred only upon the former ground.   After the demurrers had been interposed, the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted and judgment awarded in favor of the corporation against the defendants, except Sweasey, for $300,000.   The order awarding judgment against Ryan is not contained in the record on appeal, but by stipulation his appeal is to be heard upon the record before us with the same effect as though such order had been set forth therein.

The United States Lithograph Company was organized under the statutes of New Jersey on the 2d day of May, 1901, with an authorized capital of $3,200,000 preferred and $3,300,000 common stock, of which plaintiff is the owner of 49 shares of the preferred of the par value of $4,900.   On April 27, 1908, the corporation was duly authorized to do business in the state of New York, where it has since maintained offices, held directors' meetings, and performed all the acts of which complaint is made.

The complaint alleges that certain dividends were declared during the years 1909, 1910, and 1911 by the individual defendants acting as directors, and the same were paid out of the capital stock of the corporation, contrary to the laws and statutes of the state of New Jersey and sections 28 and 70 of the Stock Corporation Law of the state of New York (Consol. Laws, c. 59); and that by reason thereof the corporation has been damaged to the extent of $300,000, for which judgment is demanded in its favor against the defendants.

Section 30 of the General Corporation Law of New Jersey is set forth as it existed at the time of the incorporation of the Lithograph Company and as amended in 1904.   This statute, as it existed at the time of the incorporation, provided:

"No corporation shall make dividends, except from the surplus or net profits arising from its business, * * * and in case of any violation of the provisions of this section, the directors under whose administration the same may happen shall be jointly and severally liable, * * * to the corporation. * * *"   Act April 21, 1896 (P. L. p. 286).

As amended in 1904, it provides:

"The directors of a corporation shall not make dividends except from its surplus, or from the net profits arising from the business of such corporation,

* ·* * · in case of any willful or negligent violation of the provisions of this section, the directors under whose administration the same may have happened, * * * shall jointly and severally be liable, * * * to the stockholders of such corporation, severally and respectively, to the full amount of any loss sustained by such stockholders, or in case of insolvency to the corporation or its receiver. * * * " Act March 28, 1904 (P. L. p. 275).

Section 28 of the New York Stock Corporation Law, as it existed at the time the dividends were made and this action commenced, provided:

"The directors of a stock corporation shall not make dividends, except from the surplus profits arising from the business of such corporation. * * * In case of any violation of the provisions of this section, the directors under whose administration the same may have happened, * * * shall jointly and severally be liable to such corporation and to the creditors thereof. * *. * "

Section 70 provided:

"Except as otherwise provided in this chapter the ·officers, directors and stockholders of a foreign stock corporation transacting business in this state, except moneyed and railroad corporations, shall be liable under the provisions of this chapter, in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation, for: (1) The making of unauthorized dividends. * * * Such liabilities may be enforced in the courts of this state, in the same manner as similar liabilities imposed by law upon officers, directors and stockholders of domestic corporations."

In Hutchinson v. Stadler, 85 App. Div. 424, 83 N. Y. Supp. 509, action was brought by a stockholder of a New Jersey corporation, on behalf of himself and other stockholders, similarly situated, to recover, as here, a judgment for the corporation against directors who had paid dividends out of capital stock. The statute of New Jersey then in force was the one which existed at the time the Lithograph Company was incorporated, and, upon reference to its provisions above quoted, it will be seen that it expressly provided such an action might be maintained for the benefit of the corporation. The statutes of the state of New York then in force were sections 23 and 60, which were substantially the same as sections now 28 and 70 of the Stock Corporation Law. The court held, considering the provisions of the statutes of the two states, the action could be maintained. A majority of the court, however, was of the opinion that, in the absence of a statutory provision, the directors of a corporation were not liable to the corporation for a distribution as dividend to the stockholders of the capital of the corporation so long as the payment of such dividend did not impair the power of the corporation to pay its indebtedness. This was upon the ground that the capital of a corporation belongs to its stockholders after its indebtedness is paid. Mr. Justice Ingraham, who delivered the prevailing opinion, said:

"In the absence of a statutory prohibition, distribution of a portion of the capital of the corporation to the stockholders according to their respective interests, where each stockholder received his proportionate share of the total amount distributed, would not give to the corporation a cause of action to compel the director to repay into the treasury of the corporation the amount of money thus distributed."

This decision was made in 1903, and in 1904 the New Jersey statute was amended, as above set forth. The amended statute made the directors making unauthorized dividends liable, not to the corporation, but to the stockholders severally and respectively for the full amount of any loss sustained by such stockholders, or, in case of insolvency, to the corporation or its receiver; in other words, after the amendment of the New Jersey statute in 1904, an action in the form in which this one is brought could not be maintained in that state. This action could not be maintained in the state of New Jersey, and this was practically conceded by respondent's counsel upon the argument of the appeal.

[1] The question presented, therefore, is whether, in view of our own statutes bearing upon the subject of unauthorized dividends, a stockholder of a foreign corporation can maintain an action in the state of New York to recover a judgment in the name of the corporation for the amount of the dividends so declared, when such action could not be maintained in the state where the corporation had its origin.

There is no allegation in the complaint that the plaintiff has individually been damaged, and there could not well be, because he does not sue in the right of any individual claim, but solely in the alleged right of the corporation itself, which right was taken from the stockholders by the amendment of 1904; nor is there any allegation that the corporation is insolvent. The learned justice sitting at Special Term was of the opinion that the action could be maintained because plaintiff was merely seeking to enforce a right created by the statutes of New Jersey by means of a remedy to enforce the same by the state of New York. This view, it seems to me, is erroneous. The right here sought to be enforced is one created, not by the statute of the state of New Jersey, but by the statute of the state of New York. The right given by the statute of New Jersey is for the benefit of the individual stockholders, and the one given by the state of New York for the benefit of the corporation—different causes of action, requiring different evidence to establish, and for which different relief must be given. Reading section 28 in connection with section 70, it seems to me the only right intended to be given, or liability to be imposed upon the directors of a foreign corporation for making unauthorized dividends, is the same liability or obligation as that imposed by the statute of the state from which the corporation received its charter. Force is given to this view when these two sections are read in connection with section 34, relating to the filing of reports, and sections 14 and 15, relating to combinations and mergers.

[2] The state of New York has, for many years, recognized that the internal management of a foreign corporation should be left entirely to the state of its origin. Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654; Knickerbocker Trust Co. v. Iselin, 185 N. Y. 54, 77 N. E. 877, 113 Am. St. Rep. 863; Southworth v. Morgan, 205 N. Y. 293, 98 N. E. 490. What the Legislature of the state of New York has attempted to do in the sections of the statute to which reference has heretofore been made is to give a remedy by which a liability imposed by the statutes of another state, ei-

ther upon stockholders or directors, may be enforced in the state of New York in precisely the same way and to the same extent, and no other, that it could in the state where such foreign corporation obtained its charter.

The complaint, in my opinion, does not state a cause of action, and for that reason the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the plaintiff to amend within 20 days on payment of said costs.

CLARKE and HOTCHKISS, JJ., concur.

HOTCHKISS, J. I concur in the conclusion reached by Mr. Justice McLAUGHLIN. Section 70 is extremely vague, and to interpret its meaning is little better than guesswork. In this situation I prefer to construe it in line with what I think the Legislature should have done to conform our statutes to what I conceive to be the better policy, which is to leave the liability of directors and stockholders to the organic law of the corporation but to confine the remedy to the law of the forum. Such a construction is consistent with a homogeneous system, whereas a different one opens the door to as many kinds of liability as there may be states in which the corporation becomes domiciled. I express no doubt as to the power of the Legislature to admit a foreign corporation to do business in this state on terms which affect the liability of its directors and stockholders rather than such as relate to the mere operations of the corporation itself, but an intention so to do should be plainly expressed, and I prefer not to construe vague expressions as producing that result.

INGRAHAM, P. J. (dissenting). The plaintiff, suing on behalf of himself and other stockholders of the defendant the United States Lithograph Company, a corporation incorporated under the laws of the state of New York, asked for judgment in favor of the corporation and against the individual defendants, who are directors of the corporation, to compel the individual defendants to return to the corporation the amount of certain dividends, which the directors have declared and paid not out of net earnings. The complaint alleges that this corporation, while having upon its books an alleged surplus of $600,000, did not in fact have or make any surplus or net profits; that this apparent surplus was obtained by carrying property and accounts receivable as assets largely in excess of their actual value, and in fact did not have any surplus or net profits; that the said individual defendants willfully and negligently made and declared dividends quarterly at the rate of 1¾ per cent. on the outstanding preferred stock of said company, payable on ·or about the 1st day of March, June, September, and December, 1910, and on or about the 1st days of March, June, and September, 1911; that such dividends in the aggregate amounted to $200,000; that the said individual defendants paid the said dividends ostensibly out of the said pretended and fictitious surplus, but did in fact willfully and negligently and contrary to the laws and statutes of the said state of New Jersey, and sections

28 and 70 of the Stock Corporation Law of the state of New York in such case made and provided, divide, withdraw, and pay to the preferred stockholders of said corporation the capital stock of said corporation, and wasted and impaired the capital stock of and damaged the said corporation to the extent of about $200,000; that the payment of the said unauthorized and illegal dividends and the said dissipation and waste of the capital stock of the company has resulted in the impairment of its finances and credit, which forced the said company to place a mortgage of $1,500,000 on its property for the purpose of borrowing money with which to discharge debts for the payment of which creditors were pressing, to the said company's special damages in the sum of $100,000, and the complaint demands judgment against the individual defendants jointly and severally for $300,000 and for other and further relief. The complaint further alleges that the corporation was organized under the laws of the state of New Jersey and had an authorized capital of $3,200,000 preferred and $3,300,000 common stock; that on April 27, 1908, the corporation filed in the office of the secretary of the state of New York a sworn copy of its charter and a statement under its corporate seal in compliance with and as required by section 16 of the General Corporation Law of the state of New York, in order to enable it to do business in the state of New York; that on or about April 27, 1908, it received from the secretary of the state of New York a certificate under section 15 of the General Corporation Law of the state; that since April 27, 1908, the corporation has continuously done business and is now doing business in the state of New York, and has maintained and still maintains offices in the city of New York; that the offices of the executive officers and the books of account of the said corporation have been and now are in the city of New York; that the board of directors since April 27, 1908, have held and now hold their meetings in the state of New York; and that these dividends were actually declared in the state of New York. The complaint further alleges that section 30 of the General Corporation Law of the state of New Jersey, as amended by chapter 143 of the Laws of 1904, provides:

"The directors of a corporation shall not make dividends except from its surplus, or from the net profits arising from the business of such corporation, nor shall it divide, withdraw, or in any way pay to the stockholders, or any of them, any part of the capital stock of such corporation, or reduce its capital stock, except as authorized by law."

The section further provides:

"In case of any willful or negligent violation of the provisions of this section, the directors under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large upon the minutes of such directors at the time, or who not then being present, shall have caused their dissent therefrom to be so entered upon learning of such action, shall jointly and severally be liable at any time within six years after paying such dividend, to the stockholders of such corporation, severally and respectively, to the full amount of any loss sustained by such stockholders, or in case of insolvency to the corporation or its receiver to the full amount of any loss sustained by the corporation, by reason of such withdrawal, division or reduction."

The demurrer admitting the facts alleged in the complaint, the dec-laration of this dividend was clearly a violation of the provisions of the General Corporation Law of the state of New Jersey, and the directors of the corporation, therefore, were not authorized to declare and pay such dividend, and the dividend was therefore an "unauthorized" dividend. The liability imposed by the statute of the state of New Jersey for a violation of its statute is not attempted to be en-forced in this action. The complaint does not allege damage to the plaintiff as stockholder, as distinct from the corporation, nor does the complaint allege that the corporation is insolvent. Therefore, as long as the corporation had confined its operations to the state of New Jersey, its directors, for a violation of the statutes of New Jersey, could be held liable only as provided in the statutes of the state of New Jersey. The defendant corporation, however, has come into the state of New York, and, as provided by law, has obtained authority to do business within this state, has maintained its offices here, and has transacted its business in this state. It has therefore assumed the obligation to obey the laws of this state, and has subjected itself to such liability as the laws of this state impose upon foreign corporations coming into this state and transacting business here.

To sustain this action the plaintiff must allege facts to show that, under the laws of this state, its directors have become responsible to the corporation to the amount of these dividends thus illegally declared in violation of the statutes of the state under which it received its right to exist and authority to do business. By section 28 of the Stock Corporation Law of New York (Laws 1890, c. 564, as amended by Laws 1892, c. 688, and Laws 1901, c. 354; Laws 1909, c. 61; Consol. Laws, c. 59) it is provided that:

"The directors of a stock corporation shall not make dividends, except from the surplus profits arising from the business of such corporation, nor divide, withdraw, or in any way pay to the stockholders, or any of them, any part of the capital of such corporation or reduce its capital stock, except as authorized by law. In case of any violation of the provisions of the section, the directors, under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large upon the minutes of such directors, at any time, or were not present when the same happened, shall jointly and severally be liable to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or its directors respectively by reason of such withdrawal, division or reduction."

This provision applies solely to domestic corporations. It directly prohibits the declaration or payment of dividends except from the surplus profits arising from the business of such corporation and is substantially the same as the provision of the statute of New Jersey, to which reference has been made. In both New York and New Jersey the declaration or payment of dividend out of the capital stock of the corporation, and not out of surplus or net profits arising from the business of the corporation, is illegal. The liability imposed for the payment of such a dividend upon the directors of the corporation is somewhat different, but the main object of both statutes is to prohibit the payment of dividends out of capital and to restrict the payment of such dividends to cases where the corporation actually has surplus

or net profits over and above its capital which is applicable to the payment of dividends. Section 70 of the Stock Corporation Law of New York (Laws 1890, c. 564, as amended by Laws 1897, c. 384; Laws 1909, c. 61; Consol. Laws, c. 59) relates to corporations organized under the laws of other states, which have come into this state, and which are transacting business herein. That section provides:

"The officers, directors and stockholders of a foreign stock corporation transacting business in this state, except moneyed and railroad corporations, shall' be liable under the provisions of this chapter, in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation, for (1) the making of unauthorized dividends. * * * "

When this New Jersey corporation came into this state, obtained permission to transact its business here, and established its executive offices here, it acquired the rights of a domestic corporation to the protection of the laws of this state, to transact its business here, and to the substantial benefits that accrue to a domestic corporation. By its voluntary act, and to secure to itself the benefits of recognition herein as a corporation duly authorized to transact its business here, it necessarily accepted and subjected itself to the provisions of the laws of this state in relation to the regulation of its corporate·affairs and to the obligations imposed upon such a foreign corporation by the laws of this state. It subjected itself to taxation, in accordance with the laws of this state; it subjected itself to such regulations as this state prescribed for the management and conduct of corporations acquiring authority to transact business here and to the imposition of such penalties or liabilities for a violation of the laws of this state in relation to the transaction of business as are imposed by the laws of this state. It was under no obligation to come here, to transact its business here, or to subject itself to the laws of this state. But, when it voluntarily acquired the right to transact business here, it necessarily subjected itself to the regulations which this state has seen fit to impose upon corporations acquiring such privileges, and its officers, directors, and stockholders, who brought this corporation here and performed on behalf of the corporation the duties of their respective offices, also subjected themselves to the provisions of law regulating their conduct as such directors and officers, assumed the obligation to the state to obey its laws in relation to the performance of their duties, and subjected themselves to the liabilities imposed for a· violation of the laws of this state in the performance of their duties as officers and directors.

I assume that it could not be disputed that if the laws of this state provided that the declaration of such unauthorized dividends was made a crime, and the officers and directors had met and declared such a dividend in this state, they would have been subject to the penalty prescribed, although the laws of New Jersey imposed no such penalty for a violation of its laws. Whether or not the dividend was authorized or unauthorized, of course, must be determined by the laws of New Jersey, under whose authority the corporation existed. Whether or not this state could prohibit foreign corporations from declaring a dividend in the state where it was incorporated is not the question here presented, as the state has not attempted to regulate the internal affairs

of foreign corporations so far as to regulate what is and what is not an unauthorized dividend. What the state has done is to say that the officers and directors of a foreign corporation shall not make dividends, prohibited by the laws of the state under whose laws it exists; and it then provides that, if the directors of such a foreign corporation shall make such an unauthorized dividend, such directors, under whose administration the same way have been declared and paid, shall jointly and severally be liable to the corporation and the creditors thereof to the full amount of any loss to such corporation or creditors by reason of such withdrawal, division, or reduction of the capital stock. For the purpose of enforcing that liability, section 70 of the Stock Corporation Law of New York further provides that:

"Such * * * liabilities [i. e., the liability prescribed by the chapter of the Stock Corporation Law containing section 70] may be enforced in the courts of this state in the same manner as similar liabilities imposed by law upon the officers, directors and stockholders of a domestic corporation."

Thus, the directors of a foreign corporation doing business in this state shall be liable to the corporation in the same manner and to the same extent as the directors of a domestic corporation, which liability may be enforced in the same manner as a similar liability imposed by the law upon the directors of a domestic corporation. The liability for the declaration of an unauthorized dividend depends upon the law of this state and not upon the law of the state of New Jersey. As to what is or is not an unauthorized dividend recourse must be had to the powers given to the corporation by the statutes of New Jersey. If the dividend declared by the directors of a foreign corporation, organized under the laws of the state of New Jersey, doing business in this state, is prohibited by the statute of the state of New Jersey, it is an unauthorized dividend, and the law of this state says that, if the directors of this corporation have declared an unauthorized dividend, they shall be liable, not as provided by the laws of the state of New Jersey, but in the same manner and to the same extent as the officers, directors, and stockholders of a domestic corporation, and such liability may be enforced in this state in the same manner as a similar liability imposed upon the directors of a domestic corporation. For the declaration of unauthorized dividends, the directors were jointly and severally made liable to such corporation and the creditors of such corporation to the full amount of any loss sustained by said corporation or creditors by reason of such withdrawal, division, or reduction.

It is to be noticed, in construing the New Jersey statute, that the prohibition is directed against the directors of the corporation and not against the corporation itself. The New Jersey statute provides that the directors of a corporation shall not make dividends except from the surplus or net profits arising from the conduct of the business of such corporation. By section 28 of the Stock Corporation Law of New York, the prohibition is also directed against the directors of a stock corporation, and they are prohibited from making any such dividend. So the action of these individual defendants, acting as directors of said corporation, was in violation of the laws of the state

of New Jersey, wherein the corporation was incorporated, and the laws of the state of New York, where it had been domiciled and had applied for and received permission of the authorities of New York to do business here. Thus it seems to me the question that is here presented is whether the state of New York has distinctly prohibited the directors of a foreign corporation from declaring a dividend in violation of the laws of the state which incorporated it, and whether the violation of such a statute exposes a director to the liability which the law of this state imposes upon the directors of a domestic corporation for a violation of its provisions, and, if the laws of this state have imposed such a liability, whether there is any reason why such a law should not be enforced. This question was examined in Hutchinson v. Stadler, 85 App. Div. 424, 83 N. Y. Supp. 509, and in that case I tried to establish that the liability of directors of a corporation neither rested upon the common-law liability of directors, nor could liability of directors of corporations incorporated by another state, imposed by the laws of the state of their incorporation, be enforced in this state. But I came to the conclusion that this liability could be enforced under section 60 of the Stock Corporation Law of New York (Laws 1892, c. 688, as amended by Laws 1897, c. 384), which is now the provision of section 70 of the Stock Corporation Law of 1909. It is not necessary to repeat what I said in that case. The conclusion at which I then arrived has been confirmed by subsequent study, as follows:

"Reading these two sections together, it would seem that it was the intention of the Legislature to impose upon the directors of a foreign corporation, transacting business in this state, a liability to the corporation for the amount of its capital divided among stockholders, when such dividend was prohibited by the state from which the corporation had received its charter."

That the state has power to impose upon foreign corporations coming into this state and its officers and directors such liability for a refusal to comply with the laws of this state is, I think, clear. See Hovey v. De Long Hook & Eye Co., 147 App. Div. 881, 133 N. Y. Supp. 25.

Therefore I think there is a good cause of action alleged, and that the order should be affirmed, with $10 costs and disbursements to the respondent.

SCOTT, J., concurs.