(87 Misc. Rep. 430)

JOHNSON v. NEVINS et al.

(Supreme Court, Special Term, New York County. November, 1914.)

1. CORPORATIONS (§ 671*)—RECEIVERS—FRAUDULENT PAYMENT OF DIVIDENDS
—ACTION AGAINST DIRECTORS—LEGAL CAPACITY TO SUE.

The receiver of a foreign corporation, appointed pursuant to the Code of Civil Procedure of New York, under Rev. St. U. S. § 916 (U. S. Comp. St. 1913, § 1540), in supplementary proceedings in a creditor's action in a United States District Court, has legal capacity to sue directors of the corporation who have illegally voted and paid dividends to stockholders from capital.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2643, 2644; Dec. Dig. § 671.*]

2. CORPORATIONS (§ 671*)—RECEIVERS—FRAUDULENT PAYMENT OF DIVIDENDS
—CAUSE OF ACTION—REMEDIES.

Where the complaint in an action brought by a receiver appointed in supplementary proceedings by a federal court under Rev. St. U. S. § 916 (U. S. Comp. St. 1913, § 1540), pursuant to Code of Civil Procedure of New York, alleges that defendants, as trustees of a foreign corporation doing business in New York, willfully and fraudulently paid dividends to stockholders from capital, and prays recovery for the dividends so paid, and sets forth a statute of the state of the corporation's domicile, whereby a criminal responsibility is imposed on directors for authorizing such dividends, and a civil liability is declared on the part of the persons to whom the sums were paid, the complaint is demurrable for failure to state facts constituting a cause of action; the only form of action available in such case being that prescribed by Stock Corporation Law (Consol. Laws, c. 59) § 28, made applicable by section 70 to directors of foreign corporations doing business within the state, and providing that directors shall be jointly and severally liable to such corporation and the creditors thereof, which action necessarily cannot be maintained by a receiver in supplementary proceedings wherein he represents a single creditor, and does not stand in the place of the general creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2643, 2644; Dec. Dig. § 671.*]

Action by A. Lindsey Johnson, as receiver, etc., against Thomas A. Nevins and others. Demurrer to complaint. Demurrer sustained, with leave to amend.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. L. Craig, of New York City, for plaintiff.

Guggenheimer, Untermyer & Marshall, of New York City (Abraham Benedict, of New York City, of counsel), for defendants.

ERLANGER, J.　[1, 2] Alleging that the defendants, directors of a Maine corporation, doing business in this state, "willfully and fraudulently" voted and paid dividends to stockholders from capital, the plaintiff sues at law as receiver of the corporation appointed in supplementary proceedings in an action brought by a creditor in the United States District Court for the Southern District of New York, and seeks judgment for the gross amount of the dividends so declared and paid out. The complaint further sets forth the substance of a statute of the state of Maine whereby a criminal responsibility is imposed upon directors for authorizing such dividends, and a civil liability is declared upon the part of the persons to whom the sums are paid. The defendants have demurred to this complaint for insufficiency of substance, and also upon the ground that the plaintiff has not legal capacity to sue.

It may well be conceded that, if the defendants' liability rests wholly upon the declaration of some statute, the complaint is bad. The subject was considered in De Raismes v. United States Lithograph Co., 161 App. Div. 781, 146 N. Y. Supp. 813, where unauthorized dividends were declared by directors of a New Jersey corporation, and stockholders brought the action to enforce a liability, as to which the provisions of the New Jersey statute and section 28 of the Stock Corporation Law of this state were substantially dissimilar. It was held that, while the New Jersey statute would justify the maintenance of an action so framed, the liability was not such as was contemplated by our statute, and that therefore the provisions of section 70 of the Stock Corporation Law, assimilating the remedies against directors of domestic corporations and foreign corporations doing business in the state, did not afford support for the action. Within the rule so announced these defendants would not be liable if the plaintiff's cause of action is statutory, for the statute of Maine as pleaded imposes nothing beyond a criminal liability for their acts (Hutchinson v. Stadler, 85 App. Div. 424, 83 N. Y. Supp. 509); but there is an obvious distinction between the De Raismes Case and the case at bar, in that here the plaintiff sues in the right of a creditor, while there the plaintiffs were stockholders.

As was pointed out in Hutchinson v. Stadler, supra, no common-law or contractual right of stockholders is infringed by the payment of dividends from capital, for the stockholders are the beneficial owners of the capital, and, if the solvency of the corporation is not affected by the distribution, they are merely receiving their own. Thus a right of action by stockholders against directors for exceeding their authority in distributing assets in this form was found to depend upon statute. A creditor's case is quite different, since the assets are a fund to which he may look for the satisfaction of his claim, and the liability of directors for the willful and fraudulent impairment of that fund by the distribution of dividends not earned may be asserted by him in

a proper form of action, irrespective of any statutory declaration of his right. Thomp. Corp. (2d Ed.) §§ 5324, 5325, and cases cited; Darcy v. Brooklyn & New York Ferry Co., 127 App. Div. 167, 169, 111 N. Y. Supp. 514. An enforceable cause of action, founded upon common right and not in conflict with our laws, is thus indicated; but the statutory regulation as to the manner of its enforcement is found in section 28 of the Stock Corporation Law, made applicable to the directors of foreign corporations doing business within the state by section 70 of that chapter.

The form of action so prescribed is the only remedy (Marshall v. Sherman, 148 N. Y. 9, 20, 21, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654), and this complaint does not present a case in conformity with the requirements of the statute. The nature of the defendants' liability is limited by section 28. They "shall jointly and severally be liable to such corporation and to the creditors thereof to the full amount of any loss sustained by such corporation or its creditors, respectively, by reason of such withdrawal, division or reduction." Here the loss to any creditor depends, of course, upon the proportion which the total debts bore to the assets diverted, and the directors' "joint and several" liability is to be resorted to when the amount of a fund recoverable from them for the benefit of the corporation and the creditors has been determined. This adjustment calls for a representative action in equity. It cannot be had in an action at law by or in behalf of a single creditor. Marshall v. Sherman, supra; National Bank of Auburn v. Dillingham, 147 N. Y. 603, 42 N. E. 338, 49 Am. St. Rep. 692.

The plaintiff, as a receiver in supplementary proceedings, represents the demand of the judgment creditor and is vested with the choses in action of the debtor, the corporation; but he does not stand in the place of the general creditors. The nature of his title is sufficiently displayed by the allegations of the complaint that he was appointed in supplementary proceedings, after judgment in an action brought in the United States District Court for the Southern District of New York. With judicial knowledge of the acts of Congress (Milliken v. Dotson, 117 App. Div. 527, 102 N. Y. Supp. 564), the court is thus advised that the plaintiff's appointment was made in accordance with the provisions of the Code of Civil Procedure of this state (R. S. U. S. § 916 [U. S. Comp. St. 1913, § 1540]), and his authority to sue as a receiver having title, in distinction from a mere possessory right, is accordingly apparent. His legal capacity to sue is not affected by the fact that he was appointed by the federal court (Howarth v. Angle, 39 App. Div. 151, 57 N. Y. Supp. 187; Id., 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725), and he may doubtless maintain an action to enforce his claim, but not in the present form. The defect goes to the sufficiency of the complaint.' National Bank of Auburn v. Dillingham, 147 N. Y. 613, 42 N. E. 338, 49 Am. St. Rep. 692; Cody v. First Nat. Bank, 63 App. Div. 199, 71 N. Y. Supp. 277.

Demurrer upon the ground that the plaintiff has not legal capacity to sue overruled. Demurrer sustained upon the ground that the amended complaint fails to state facts sufficient to constitute a cause

of action, with costs, with leave to plaintiff to amend on payment of costs within 20 days.

Demurrer sustained, with costs, with leave to amend on payment of costs within 20 days.